ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TERRI L. CHRISTIAN | * |
| Plaintiff, | * |
| v. | *  C.A. No.:  08 - 221 |
| ABM MID ATLANTIC, INC. | *  JURY TRIAL DEMANDED |
| Defendant. | * |

## COMPLAINT

### PARTIES

1.  Plaintiff, Terri L. Christian ("Plaintiff"), is a resident of Delaware residing at 2 Baylis St, New Castle, Delaware 19720.

2.  ABM MID ATLANTIC, Inc. ("ABM") is a Delaware corporation. Subject to service of process through its registered agent, The Corporation Trust Company at 1209 Orange St, Wilmington, DE, 19801. ABM provides janitorial, parking, engineering, security, lighting and mechanical services for commercial, industrial, institutional, and retail facilities in the United States.

### JURISDICTION

3.  This is a Complaint for pervasive race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(g), 42 U.S.C. § 1983 and a common law, breach of the covenant of good faith and fair dealing.

### FACTS

4.  Plaintiff began her employment with ABM on December 17, 1999.

5. At the time of her employment, Plaintiff had been married to Thomas C. Christian, a Caucasian male, for twenty-three years.

6. Plaintiff worked for ABM as a cleaner. Her responsibilities included performing basic cleaning and janitorial duties at various assigned locations.

7. Her primary responsibility during her employment with ABM was to provide services to Wilmington College in New Castle, Delaware.

8. During the first four years of her employment with Wilmington College, Plaintiff was assigned to work at the College's Main Campus, located at 320 N DuPont Hwy, New Castle, DE 19720.

9. Thereafter plaintiff worked at another Wilmington College site, the Wilson Graduate Center, which is located at 31 Read's Way, New Castle, DE 19720 for three years.

10. While employed with ABM, Plaintiff worked with another female employee, Maria Rodriguez ("Ms. Rodriguez"). Rodriguez, a Hispanic female, performed similar cleaning and janitorial services at Wilmington College, while employed with ABM.

11. An African-American male, Gary Cooper ("Cooper"), worked for ABM as a Manager and served as a supervisor of Plaintiff and Rodriguez.

12. During Plaintiff's employment with ABM, Cooper engaged in racially inappropriate conversations with Plaintiff.

13. Cooper inquired about her marital status and questioned Plaintiff, "what are you married to a white man for?"

14. In addition to his comments on her marriage, he informed Plaintiff that

"black people are lazy" and that he "w[ould] not hire any more black people."

15. Cooper also expressed his desire to limit the numbers of African-American ABM employees when he stated to Plaintiff, "when I get rid of you, there will be no more blacks because they don't work like the Spanish."

16. While employed with ABM at the Wilson Graduate Center Wilmington College site, Rodriguez became aware of an affair between Cooper and another ABM employee stationed at Wilmington College.

17. The affair between Cooper and this ABM employee caused an increased workload for Rodriguez because the other employee would neglect her responsibilities, which forced Rodriguez to take on more work.

18. In September 2006, Rodriguez contacted Magali Munoz ("Munoz"), the site supervisor for Wilmington College, to inform her of the affair and the resulting workload increase that she experienced.

19. Munoz requested that both Plaintiff and Rodriguez attend a meeting at another worksite to discuss Cooper.

20. As instructed, Plaintiff and Rodriguez left the Wilmington College site to attend the meeting regarding Cooper on or about September 25, 2006.

21. After Plaintiff and Rodriguez arrived at the site of the meeting, they approached the building where the meeting was to be held through the parking lot. At this time, Cooper arrived, and upon seeing them in the parking lot, questioned what they were doing away from their jobs.

22. Cooper informed Plaintiff and Rodriguez that they were not supposed to leave their worksite, that there would be no meeting and that they should leave the

property before he contacted security.

23. Around September 25, 2006, Cooper, acting on behalf of ABM, terminated the employment of both Plaintiff and Rodriguez on the grounds of job abandonment.

24. Mark Pass ("Pass"), Regional Director of Human Resources for ABM, initiated an investigation into the reason for the termination of Plaintiff and Rodriguez's employment with ABM.

25. Pass allowed Plaintiff to receive additional paychecks for three weeks after the date of her termination.

26. Pass contacted Plaintiff to notify her that she could return to her job with ABM in or around November 2006.

27. Plaintiff was instructed to contact Ted Johnson ("Johnson"), the man who replaced Cooper as the supervisor of the Wilmington College site, before restarting her employment with ABM.

28. Upon contacting Johnson, he informed Plaintiff that at the request of the client, neither she nor Rodriguez was welcome to rejoin the ABM staff at Wilmington College's Wilson Graduate Center.

29. ABM continued Rodriguez's employment at another ABM site.

30. Rodriguez rejoined the ABM workforce shortly after her termination, in or about October 2006.

31. ABM never rehired Plaintiff and as a result, Plaintiff's position with ABM was never reinstated.

32. Cooper's employment with ABM was terminated in or about November

2006 when Pass discovered that Cooper was stealing from ABM.

33. On or about June 4, 2007, Plaintiff filed a Charge of Discrimination based on race with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") against Defendant.

34. On or about January 22, 2008, the EEOC concluded its investigation and issued Plaintiff a Notice of Suit Rights, which are attached hereto as Exhibit 1.

## COUNT ONE
### Title VII - Racial Discrimination

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 34 of this Complaint by reference as though fully set forth at length herein.

36. The practices of Defendant as complained of above, have/had the effect of depriving Plaintiff of equal employment opportunities and otherwise affect/affected her employment because of her race. The practices employed by Defendant were intentional and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff.

37. As a direct and proximate result of said acts of Defendant, Plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment and damages to her reputation.

38. Defendant's discrimination was willful, wanton and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Issue a judgment against Defendant in Plaintiff's favor, providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and

other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

    (b)    Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to provide compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

    (c)    Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to provide compensation for past and future pecuniary losses, in amounts to be determined at trial;

    (d)    Issue a judgment against Defendant, and in Plaintiff's favor, ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial;

    (e)    Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to pay the costs of reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 2000e-5(f)(1) and (3); and

    (f)    Issue a judgment against Defendant in Plaintiff's favor, for damages suffered by Plaintiff as a result of Defendant's actions, including, but not limited to, back pay, front pay, benefits (both retroactively and prospectively), advancement in rank, compensatory damages, punitive damages, attorneys' fees, the cost of this litigation, pre- and post-judgment interest and such other further relief as this Honorable Court deems just and proper.

*Terri Christian*
**TERRI CHRISTIAN**, *pro se*
2 Baylis Street
New Castle, DE 19720

DATED:     April 21, 2008

| EEOC Form 161 (3/98) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 0 8 - 2 2 1 |
|---|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

To: Terri L. Christian
38 Christiana Crossing
Newark, DE 19702

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

RECEIVED
JAN 2 8 ...

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2007-00800 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Marie M. Tomasso,
District Director

January 22, 2008
(Date Mailed)

Enclosure(s)

cc: Timothy J. Wilson, Esq., Attorney for Charging Party
Heather Varon, Esq., Attorney for Respondent
(ABM Mid-Atlantic, Inc.)

08- 221

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIN ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Terry Christian

(b) County of Residence for First Listed Plaintiff __ New Castle County __
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number)

**DEFENDANTS**
ABM MID-ATLANTIC, Inc.

County of Residence of First Listed Defendant __ New Castle County __
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportion-ment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Mal-practice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 840 Trademark | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | | |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth In Lending | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 810 Selective Service |
| | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ SSID Title XVI | |
| ☐ 190 Other Contract | **CIVIL RIGHTS** | | | ☐ 865 RSI (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 441 Voting | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 196 Franchise | ☒ 442 Employment | | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| | ☐ 443 Housing/ Accommoda-tions | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 445 Amer. w/ Disabilities – Employment | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 446 Amer. w/ Disabilities – Other | ☐ 530 General | | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejection | | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality Of State Statutes |

**V. ORIGIN** (Place an "X" in One Box only)

| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): Title VII |
|---|---|
| | Brief description of cause: Discrimination based on Race |

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instruction): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE: 4-18-08 | SIGNATURE OF ATTORNEY OF RECORD  *Teri L Christian* |
|---|---|

**FOR OFFICIAL USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 APR 18  PM 12: 20

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____08 - 221_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

___4/18/08___        ___Terri Christen___
(Date forms issued)       (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action